**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**JORDAN GRAPHICS, INC., Defendant.**

**No. C–C–89–137–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 8, 1991.

Rickye McKoy–Mitchell, Trial Atty. E.E.O.C., Charlotte Dist. Office, Charlotte, N.C., for plaintiff.

David L. Terry and Richard F. Kane, Blakeney Alexander & Machen, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

**THIS MATTER** is before the Court on Plaintiff's motion, filed January 14, 1991, to establish the timeliness of Plaintiff's responses to Defendant's second request for admissions. On January 17, 1991, Defendant filed a response to the motion and moved for sanctions. Plaintiff, on January 28, 1991, filed a reply to Defendant's response.

On June 28, 1990, Defendant mailed to Plaintiff 233 requests for admissions. Defendant's counsel, on August 2, 1990, notified Plaintiff by letter that it had failed to respond in a timely fashion to the requests and that the requests were therefore deemed admitted pursuant to Rule 36 of the Federal Rules of Civil Procedure. Although Rule 36 requires responses to requests for admissions to be made within thirty (30) days from service, Plaintiff did not hand deliver its responses until August 2, 1990. In its responses, Plaintiff specifically admitted or denied only 49 of the requests. Plaintiff provided no response or objection to 2 of the requests. As to the remaining 180 requests, Plaintiff responded, "The plaintiff does not have sufficient information upon which to admit or deny this request, and such information is within the control of the defendant". On August 3, 1990, Plaintiff delivered to Defendant responses to 5 of the requests which it claimed were inadvertently left out of the August 2, 1990 response.

■ Plaintiff contends that the responses were timely filed within thirty (30) days from service because it did not receive the requests until July 2, 1990. Plaintiff argues that the thirty (30) day time period should not begin to run until that date, and thus, its responses were not due until August 2, 1990. However, because 5 of the responses were delivered 1 day late, Plaintiff requests that the Court deem all responses as having been timely delivered to Defendant.[1] In the alternative, Plaintiff requests that the Court permit withdrawal of the admissions pursuant to Rule 36(b) of the Federal Rules of Civil Procedure.[2]

Plaintiff's argument that the thirty (30) day period did not begin to run until it received the requests reeks with frivolity. Rule 5(b) of the Federal Rules of Civil

---

1. Rule 36(a) of the Federal Rules of Civil Procedure is applicable to Plaintiff's motion. The Rule provides in pertinent part:

    Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, *or within such shorter or longer time as the court may allow,* the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney ... (emphasis added).

2. Rule 36(b) provides in pertinent part:

    Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits....

Procedure addresses how service is made. The Rule provides:

> ... Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party *or by mailing it to the attorney or party....* Service *by mail is complete upon mailing.*

Under the clear language of the Rule, Defendant's requests for admissions were served on June 28, 1990—the day Defendant's counsel caused the requests to be mailed.

There is no basis in law for Plaintiff's claim that service was not completed until it received the requests. Such an argument is nonsensical in light of the three (3) day extension provided for in Rule 6(e) when service is made by mail. The purpose of Rule 6(e) is to account for delays incurred when service is made by mail. Accordingly, the Court concludes that Plaintiff's responses were due no later than July 31, 1990—30 days from the service date of June 28, 1990 plus 3 days because service was made by mail. Therefore, the requests are deemed admitted unless the Court under Rule 36(a) lengthens the time period for Plaintiff to respond.

The Court will not lengthen the time period for Plaintiff to respond to the requests. Throughout the duration of this litigation, Plaintiff has demonstrated a contemptible arrogance concerning its obligations to comply with the rules of discovery. In the Court's Order of December 4, 1990 addressing Plaintiff's failure to produce an expert's report in a timely fashion, the Court stated:

> The record in this case indicates Plaintiff has been dilatory on other occasions in responding to discovery requests. The

Court believes that the failure of Plaintiff to have the expert's final report prepared at this point demonstrates either poor planning or an attempt to ambush Defendant right before trial. In any event, the Court loathes being dragged into discovery disputes because Plaintiff has chosen to engage in slothful or unethical behavior. The Court is placing Plaintiff on notice that its patience is wearing thin in regard to delays in discovery being produced by Plaintiff.

In this instance, the Court believes that Plaintiff failed to respond to the requests in a timely fashion either because of poor planning or because of gross indifference to the time requirements clearly enunciated in the Federal Rules of Civil Procedure.[3] In either event, the Court will not endorse Plaintiff's behavior. The time has come for Plaintiff to realize that the Court will not tolerate Plaintiff's refusal to comply with the rules of discovery.

The Court will not grant Plaintiff's alternative request for relief that withdrawal or amendment of the requests be permitted. The Court believes to grant such relief would reward Plaintiff's conduct. Moreover, Plaintiff has not convinced the Court that the merits of the action will be subserved by the admissions.

■ The Court further believes that Defendant will be prejudiced if the Court permits the withdrawal of the admissions. It was entirely reasonable for Defendant to believe that the requests were admitted when Plaintiff failed to make a timely response. Defendant notified Plaintiff that it intended to proceed on the assumption that

---

**3.** In addition to Plaintiff's conduct in connection with this case on previous occasions, the Court believes that Plaintiff's cursory response to the 180 requests that Plaintiff failed to answer likewise demonstrates either poor planning or disregard for the Federal Rules of Civil Procedure. Rule 36(a) provides:

> An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny....

Plaintiff's responses to the 180 requests in which it did not have sufficient knowledge to answer are clearly inadequate under Rule 36(a). Thus, the Court concludes that Plaintiff ran out of time in answering the last 180 requests when notified by Defendant that the responses were untimely, or that Plaintiff has deliberately chosen to violate the provisions of Rule 36(a) requiring it to state whether it made reasonable inquiry regarding the information Defendant sought to admit.

the requests were admitted. Plaintiff did not file its motion until January 14, 1991—over five (5) months after it failed to timely file its responses. Therefore, it was reasonable for Defendant to assume that Plaintiff was also choosing to comply with Rule 36(a) and for Defendant to develop its trial strategy with those admissions in mind. There is a substantial likelihood that this matter will be tried during the May 1990 Charlotte Civil Term. To permit the admissions to be withdrawn at this late date may require additional discovery and would most likely delay the disposition of this matter. For these reasons, the Court believes that withdrawal of the admissions would prejudice Defendant, and that therefore, withdrawal of the admission under Rule 36(b) is not appropriate.

Defendant has requested that the Court award its costs in responding to Plaintiff's motion. Because the Court believes Plaintiff's conduct in failing to respond to the requests in a timely fashion was inexcusable, the Court will grant Defendant's request. Plaintiff is directed to file with the Court proposed reasonable expenses incurred in preparing its response of January 17, 1991. The Court will not hesitate to impose even more costly or severe sanctions if Plaintiff, after review and approval of Defendant's proposed expenses by the Court, fails to compensate Defendant in a timely fashion as directed by the Court.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's motion to establish the timeliness of Plaintiff's responses to Defendant's second request for admissions be, and hereby is, DENIED.

IT IS FURTHER ORDERED that Defendant is directed to file with the Court the proposed reasonable expenses incurred in preparing its response of January 17, 1991.