### In re Alcydee CHARLES, Debtor.

### No. 05–95071–H1–13.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Nov. 4, 2005.

Russell C. Simon, Simon and Associates, Houston, TX, for Debtor.

Gray Burks, Houston, TX, for Daniel O'Connell, Chapter 13 Trustee.

## AMENDED ORDER REGARDING DEBTOR'S MOTION FOR CONTINUATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B)

MARVIN ISGUR, Bankruptcy Judge.

This is the debtor's second bankruptcy case. The debtor's first case was voluntarily dismissed on July 6, 2005. The debtor filed the present case on October 31, 2005. On that same date, the debtor filed an Emergency Motion for Continuance of the Automatic Stay [docket no. 5] and a Motion to Expedite Hearing [docket no. 6].

Prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the filing of a chapter 13 bankruptcy petition resulted in a Congressionally imposed injunction that stayed substantially all collection activities against pre-petition debt. This stay is codified in § 362(a) of the Bankruptcy Code and is referred to as the "automatic stay." The stay against property of the estate remained in effect until the property was no longer property of the estate. 11 U.S.C. § 362(c)(1). The stay against other collection activities continued until the earliest of (i) the time the case was closed; (ii) the time the case was dismissed; or (iii) the time a discharge was granted or denied. 11 U.S.C. § 362(c)(2).

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 dramatically modifies the automatic stay provisions. One significant change provides for the termination of the automatic stay if a person has been a debtor in a prior bankruptcy case "pending within the preceding 1–year period...." 11 U.S.C. § 362(c)(3). Under § 362(c)(3)(A), the automatic stay "with respect to a debt or property securing such debt" terminates

on the 30th day after the filing of the second case. *Id.*

■ Nevertheless, § 362(c)(3)(B) provides for the possibility of continuing the stay beyond the original 30–day period. A debtor must meet the following requirements to obtain an extension of the stay:

1. A motion must be filed;
2. There must be notice and a hearing;
3. The notice and hearing must be completed before the expiration of the original 30–day stay; and
4. The debtor must prove that the filing of the new case "is in good faith as to the creditors to be stayed."

11 U.S.C. § 362(c)(3)(B). Following notice and hearing, a court may extend the stay, "subject to such conditions or limitations as the court may then impose" against any and all creditors. *Id.*

■ In the motion presently before the Court, the debtor's requested relief may occur only after notice and a hearing. There is no question that the debtor has timely requested a hearing. However, the Court has concerns with the sufficiency of notice. Section 102(1) of the Bankruptcy Code provides as follows:

(1) "after notice and a hearing", or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.

11 U.S.C. § 102(1). One of the essential aspects of notice is apprising affected parties of the nature of the relief that may be sought. Because there are several areas in which notice appears to be inadequate in the present circumstances, the Court is constrained to issue this order.

■ First, the motion seeks an extension of the automatic stay as to all creditors, but does not set forth a reasoned basis to extend the stay as to any creditor other than Citifinancial Mortgage Company. Congress has authorized this Court to extend the automatic stay "as to any or all creditors." The relief can be granted only on motion and only after notice and hearing. The present motion gives inadequate notice as to why the automatic stay should be extended against *all* creditors. Conversely, notice is given of the basis for the relief against Citifinancial Mortgage Company. Accordingly, the debtor will receive a hearing on that portion of the request. If the debtor believes an extension of the stay is warranted against additional creditors, the debtor must replead with sufficient allegations to place those creditors on fair notice of the issues that will be addressed at the hearing.

Second, this is the first motion of its kind filed in this Court under the new Act. The Court notes that the relevant provisions in the Act are, at best, particularly difficult to parse and, at worst, virtually incoherent. Creditors may be unfamiliar with this new provision and the requirements imposed by Congress. Consequently, it is of particular importance under these circumstances that creditors be given abundantly fair warning that their right may be adversely affected.

■ The burden of proof for obtaining an extension is on the debtor. The plain language of § 362(c)(3)(B) instructs when the automatic stay may be extended— when the movant "demonstrates that the filing of the later case is in good faith as to

the creditors to be stayed." This is the statute's only articulated requirement placed on the debtor for obtaining an extension.[1] 11 U.S.C. § 362(c)(3)(B).

■ In certain instances, the movant's burden may be substantial. The statute imposes a rebuttable presumption that certain new cases have not been filed in good faith. Section 362(c)(3)(C) provides a presumption that a case has not been filed in good faith if:

1. The debtor had more than one case pending within the previous year; or

2. The debtor had a case dismissed within the past year after the debtor failed to:

   a. file or amend the petition or other required documents without substantial excuse; or

   b. provide court-ordered adequate protection; or

   c. perform the terms of a confirmed plan; or

3. Both of the following are true:

   a. There has not been a substantial change in the debtor's financial or personal affairs since the dismissal of the prior case; or

   b. There is no other reason[2] to conclude that the case will result in a chapter 7 discharge[3] or a fully performed chapter 13 plan.[4]

11 U.S.C. § 362(c)(3)(C).

■ The presumption that the case was not filed in good faith is rebuttable by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir.2004) (citations omitted). Accordingly, if a presumption arises against the debtor, the debtor will be required to establish by clear and convincing evidence that this case was filed in good faith with respect to the creditors to be stayed.

■ This Court is obliged to implement Congress' intent. Taken in context, Congress intended to direct the Court to conduct an early triage of refiled cases. Debtors whose cases are doomed to fail should not get the benefit of an extended automatic stay.

■ Although proof of good faith is the only articulated requirement in the statute, the statute does not mandate the Court grant relief merely because the case was filed in good faith. Satisfying the good faith requirement only allows a court to exercise its discretion to grant the relief.[5] A movant must additionally demonstrate sufficient equitable factors to justify

**1.** As set forth below, a movant must also demonstrate sufficient reason for the Court to exercise its discretion in favor of an extension of the stay.

**2.** Other than the reason set forth in paragraph 3(a) above.

**3.** Applicable only if the newly filed case is a chapter 7 case.

**4.** Applicable only if the newly filed case is a chapter 13 case.

**5.** The discretion arises from the statute's use of the word "may" rather than "shall" when setting forth whether the relief should be granted. *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, ——, 125 S.Ct. 694, 703, 160 L.Ed.2d 708 (2005). As set forth in *Jama*, "may" customarily connotes discretion. *See, e.g., Haig v. Agee*, 453 U.S. 280, 294, n. 26, 101 S.Ct. 2766, 69 L.Ed.2d 640 (1981).

the court's exercise of its discretion. The range of equitable factors that the Court should consider is not delineated in the statute.

■ The debtor's Motion to Expedite Hearing [docket no. 6] is granted. The Court will conduct an evidentiary hearing on November 18, 2005 at 11:00 a.m. to determine whether to extend the automatic stay against Citifinancial Mortgage Company. The debtor is granted leave to file an amended motion setting forth a reasoned basis as to why the stay should be extended as to other creditors. All dates outlined in the Court's original order [docket no. 9] remain unchanged. Absent a timely filed objection to the continuation of the debtor's automatic stay, the Court may grant the motion without a hearing.