**In re Jacqulyne COLLINS, Debtor.**

No. 05–39711.

United States Bankruptcy Court, D. Minnesota.

Nov. 29, 2005.

Barbara J. May, Arden Hills, MN, for Debtor.

## ORDER DENYING DEBTOR'S MOTION FOR CONTINUATION OF STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B)

GREGORY F. KISHEL, Chief Judge.

This is a Chapter 7 case, commenced after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8 ("the Act"). It came on before the Court on November 28, 2005, for hearing on the Debtor's motion under 11 U.S.C. § 362(c)(3)(B)-a provision that was added to the Bankruptcy Code by the Act. At the hearing, Barbara J. May appeared for the Debtor. There were no other appearances.

1. At the hearing the Debtor's counsel acknowledged that these two parties were the

## RELEVANT HISTORY OF DEBTOR'S EARLIER CASE; POSTURE OF THIS CASE

1. On September 20, 2005, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, commencing case no. 05–36803.

2. On November 7, 2005, case no. 05–36803 was dismissed on the Debtor's request pursuant to 11 U.S.C. § 1307(b). The Debtor now alleges that that "case was voluntarily dismissed when [the D]ebtor's health insurance costs unexpectedly doubled and a child support motion she had pending was not decided in her favor."

3. On November 8, 2005, the Debtor filed the petition for relief under Chapter 7 that commenced this case.

4. On November 15, 2005, the Debtor filed the motion at bar, styling it under 11 U.S.C. § 362(c)(3)(B). In her prayer for relief, the Debtor "requests the Court to continue the automatic stay under § 362(a) as to all property of the estate until such time as the stay is terminated under § 362(c)(1) or (2) or a motion for relief is granted under § 362(d)."

5. Per an unsworn declaration under penalty of perjury executed by the Debtor's counsel, the only parties served with the motion at bar were the Office of the United States Trustee and the interim trustee of the Debtor's Chapter 7 estate. Service was effected via a mailing made on November 14, 2005.[1]

## STRUCTURE OF GOVERNING LAW

1. 11 U.S.C. § 362(a) provides that a voluntary petition in bankruptcy "operates as a stay, applicable to all entities," of a number of described acts to enforce creditors' rights against the debtor, the debtor's

only ones served.

property, and the property of the bankruptcy estate. Among those stayed are "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the [bankruptcy] case," § 362(a)(5), and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case," § 362(a)(6).

2. Before the effective date of the Act, the stay under § 362(a) in a Chapter 7 case continued as to property of the debtor and claims against the debtor until the court granted relief from stay under 11 U.S.C. § 362(d), or until the earliest date among the time the case was closed, the time the case was dismissed, or the date on which a discharge in bankruptcy was granted or denied to the debtor, 11 U.S.C. §§ 362(c)(2)(A)—(C).

3. However, 11 U.S.C. § 362(c)(3), enacted by the Act and effective for all bankruptcy filings made on or after October 17, 2005,[2] changes this legal structure in a Chapter 7 case where "a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed ..."[3]

4. In such a case "the stay under [11 U.S.C. § 362](a) with respect to any action taken with respect to a debt or property securing such debt ... shall terminate with respect to the debtor on the 30th day after the filing of the later case ..." 11 U.S.C. § 362(c)(3)(A).

5. The court may extend this limited-duration stay "on the motion of a party in interest ... and upon notice and a hearing ..." 11 U.S.C. § 362(c)(3)(B).[4]

6. In bankruptcy cases, " 'after notice and a hearing ... means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances ..." 11 U.S.C. § 102(1).

## CONCLUSIONS OF LAW

1. Via her motion, the Debtor seeks to have a creditor or creditors bound by a continuing restraint against acts they may take against her, against property of the bankruptcy estate, or possibly against property of the Debtor.

2. Individual creditors are the intended and actual beneficiaries of the limitation on the duration of the automatic stay in a case that is subject to § 362(c)(3)(A).

3. As such, individual creditors that would be affected by an extension of that stay are entitled to notice that a debtor is requesting such an extension, and an opportunity to oppose the request at a hearing.

4. Because the Debtor did not serve any individual creditor with the motion at bar, she did not give "notice as appropriate in the particular circumstances" of a motion under § 362(c)(3)(B).

5. Thus, the Debtor's motion must be denied, without reaching its merits.

## DISCUSSION

█ This result is a matter of enforcing clear Congressional intent, against a back-

---

**2.** All further statutory citations will be to the text of the Code as it stands after the effective date of the Act.

**3.** This provision contains an exception, apparently for a case commenced under any chapter other than Chapter 7 in the wake of a dismissal pursuant to 11 U.S.C. § 707(b). That exception does not apply to this case.

**4.** The statute uses two different words to signify the effect of the granting of such a motion: the noun "continuation" and the verb "extend."

drop of due process considerations. Under the record made for this motion, it is inevitable.

The relevant provisions of the post-Act Code are clumsily drafted. *In re Charles,* 332 B.R. 538, 541 (Bankr.S.D.Tex.2005).[5] Nonetheless, a legislative intent unmistakably appears from the structure ·and content of the Act's additions to § 362(c). If a debtor takes a second plunge into bankruptcy within a year of the dismissal of a prior bankruptcy case, the *automatic* stay in the second case protects the debtor, the debtor's property, and property of the estate for only 30 days after the commencement of the second case.[6] The protection of a *continuing* stay is available, but only on request to the court via motion and only if the movant makes a specific showing.[7]

■ Clearly, the Act's largess under these provisions inures to creditors. They now are freed legislatively from a burden that was imposed on them under the pre-Act Code. They are not presumptively restrained from enforcing rights for the longer, potentially open-ended period in a successor case like they are in a debtor's first case.[8] In a successor case, they clearly are the beneficiaries of the curtailment of the automatic stay that otherwise is structured by §§ 362(a) and 362(c)(1)—(2).

If that benefit is to be taken away from such creditors by an act of a federal court, they have the right to be notified of the request for such relief, and to know the particulars of the request. *Cf. In re Charles,* 332 B.R. at 541 ("If the debtor believes an extension of the stay is warranted against additional creditors, the debtor must replead with sufficient allegations to place those creditors on fair notice of the issues that will be addressed . . ."). They have a right to oppose the debtor's prima facie case on the good faith of the second filing, and to raise the possibility that the steep presumption of § 362(c)(3)(C) applies.[9]

All of this is evidenced by the Act's facial specifications: the request for extension is to be made by a motion-not an *ex parte* "application," not the more generally-named "request"-and "notice and a hearing" is to be afforded. The Code's own definition of "notice and hearing" leaves it to the court to determine what is

5. Among other things, the phrase "after notice and a hearing," applied to a motion for an extension of the stay, inexplicably appears twice in the same sentence in § 362(c)(3)(B), with reference to the same stage in the same procedure.

6. The prefatory part of new § 362(c) refers to a "case [being] filed" or "refiled." This does not comport with the carefully-structured vocabulary of the 1978 Code which survives in 11 U.S.C. §§ 301(a), 302(a), and 303(b): A *petition,* i.e., a *document,* is *filed,* as a result of which a *case,* an *ongoing proceeding* before a court, is *commenced.*

7. The showing is that "the filing of the later case is in good faith as to the creditors to be stayed" via the extension. 11 U.S.C. § 362(c)(3)(B).

8. This sentence's lack of an article, or a more specific modifier, for the word "rights" is deliberate. The statute's identification of its subject-"any action taken with respect to a debt or property securing such debt"-leaves large uncertainties as to just which creditors are freed of court restraint after the 30–day period. It is not necessary to reach this issue in the case at bar.

9. Section 362(c)(3)(C) creates a presumption that a successor filing was "not in good faith," where the earlier case(s) involved certain events or circumstances. The tainting factors generally go to the debtor's failure to comply with procedural or substantive requirements in the earlier case, or the debtor's manifested lack of respect for the integrity of bankruptcy remedies. The presumption is termed "steep" because it takes "clear and convincing evidence" to rebut it.

"appropriate in the particular circumstances."

In that determination, the requirements of procedural due process should be foremost, though the resonant considerations for the general according of equitable relief in the federal courts are a close second. As to the first, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). As to the second, "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ.P. 65(a)(1). Under the respective structures of Rule 65 and the post-Act § 362(c), an extension of the stay is a direct corollary to a preliminary injunction. *Cf. In re Chateaugay Corp.,* 880 F.2d 1509, 1512 (2d Cir.1989); *In re CGE Shattuck, LLC,* 255 B.R. 334, 336 (1st Cir. BAP 2000) (both comparing denial of motion for relief from automatic stay to issuance of preliminary injunction).[10]

 These principles all dictate that the notice requisite for a motion under § 362(c)(3)(B) to extend the stay of § 362(c)(3)(A) is, at the very least, service on those individual creditors that the debtor would have subjected to the extended stay [11]-and, most prophylactically, on all creditors.[12]

Here, the Debtor did neither of those things. It is still not clear which of the Debtor's creditors she is most concerned about,[13] but whichever they are she did not serve a one. Her motion thus fails, on procedural grounds.

### ORDER

On the decision thus memorialized,

IT IS HEREBY ORDERED that the Debtor's motion for an extension of the stay of 11 U.S.C. § 362(c)(3)(A) is denied, for failure to give notice to the parties to be bound by that extended stay.

---

10. In some respects, the short-duration automatic stay of § 362(c)(3)(A) can be roughly analogized to a temporary restraining order. It does come into existence without notice to those parties that are bound by it-indeed, by operation of law-and it is there to prevent "immediate and irreparable harm," to preserve the bankruptcy estate and to give temporary "breathing room" to the debtor. *In re Chateaugay Corp.,* 880 F.2d at 1512 (noting these analogies, as discussed in legislative history to Bankruptcy Reform Act of 1978).

11. A homestead mortgagee or a lender on automobile financing come readily to mind as the most obvious such.

12. This would be advisable if the stay terminates under § 362(c)(3)(A) as to unsecured creditors as well, and there are such creditors that might start or restart garnishment efforts against post-petition income or assets. *See In re Downtown Inv. Club III,* 89 B.R. 59, 63 (9th Cir. BAP 1988) (if unsecured creditors' rights are to be affected by proceeding in bankruptcy case, they must be given procedural due process). (This interpretation of § 362(c)(3)(A) can not be dismissed out of hand, given the statute's imprecise syntax. Apparently the Debtor's counsel agrees.)

13. Her prayer for relief vaguely suggests her one-and-only scheduled secured creditor-her homestead mortgagee-but at the hearing her counsel made reference to "family court creditors picking away at" her client.