**In re Ronald E. TAYLOR, Debtor.**

**In re Jacqulyne Collins, Debtor.**

Nos. 05–90793, 05–39711.

United States Bankruptcy Court,
D. Minnesota.

Dec. 9, 2005.

See also 334 B.R. 655, 2005 WL 3163962.

Gregory J. Wald, Edina, MN, for Ronald E. Taylor.

Barbara J. May, Arden Hills, MN, for Jacqulyne Collins.

## ORDER DENYING MOTIONS OF DEBTORS FOR CONTINUATION OF STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B)

GREGORY F. KISHEL, Chief Judge.

These bankruptcy cases came on before the Court on December 6, 2005. The occasion was separate hearings on motions by the respective debtors under 11 U.S.C. § 362(c)(3)(B), a provision added to the

---

1. In the cases at bar, Debtor Collins filed for relief under Chapter 7 and Debtor Taylor filed for relief under Chapter 13.

2. This provision appears to have been enacted to address the so-called "serial filing" phenomenon, the commencement of a successor bankruptcy case or cases in the wake of one

Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8 ("the Act"). Debtor Taylor appeared by his attorney, Gregory J. Wald. Debtor Collins appeared by her attorney, Barbara J. May. In the Collins case, Richard D. Anderson appeared for Wright Family Law & Mediation, P.L.L.C., a scheduled creditor. Because the two motions implicate the same single issue, and the relevant facts and circumstances are comparable and small in number, the disposition of both motions is being memorialized via a combined order.

The debtors in both of these cases are individuals. Both cases were commenced after the October 17, 2005 effective date of the Act. Both of these debtors were the debtors in bankruptcy cases that were pending and then dismissed within the one-year period preceding the commencement of these cases.[1] This circumstance triggered 11 U.S.C. § 362(c)(3)[2] in both cases.

By operation of that statute, the "stay under [11 U.S.C. § 362](a) with respect to any action taken with respect to a debt or property securing such debt ... shall terminate with respect to the debtor on the 30th day after the filing of the later case ..." 11 U.S.C. § 362(c)(3)(A).

In anticipation of this limited statutory protection, both of the debtors made motions for a "continuation" of the stay pursuant to 11 U.S.C. § 362(c)(3)(B). They recited their bases for seeking the relief in the written submissions-proffers of facts to make out that "the filing [sic] of the later

dismissed for the debtor's failure to follow through with duties under statute, rule, or confirmed plan, resulting in a punctuated interposition of the automatic stay in bankruptcy against creditors' efforts to realize on their rights against the debtor.

case [was] in good faith as to the creditors to be stayed." [3]

■ Both of these motions fail, however. The reason is that the movants did not give their creditors "such notice as is appropriate in the particular circumstances" of a request for relief under § 362(c)(3)(B), as implicated by that statute's prescription of "notice and a hearing" and as the latter is fleshed out by the definition in 11 U.S.C. § 102(1). The shortcoming here lay not in the number and identity of parties served with the motion; for both cases, counsel served the creditors enumerated in longish lists, apparently the full creditor address matrices, and that was sufficient under this consideration.[4]

Rather, it lay in the length of time in advance of the hearing, for which the debtors put creditors on actual notice of their request for relief. This factor goes directly to the whether all creditors had an adequate opportunity to review the motion, to evaluate their options, and to oppose the debtor via formal participation in the case if they so chose. Such an opportunity is mandated by the requirements of constitu-tional due process. *Cf. In re Collins*, 334 B.R. at 658–59, 2005 WL 3163962 *3 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

Simply stated, mailing the motion to creditors on a date eight days in advance of the hearing (as in the Collins case) or five days in advance of the hearing (as in the Taylor case) is not "reasonably calculated ... to apprise interested parties of the pendency of the [motion] and to afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. at 314, 70 S.Ct. 652. As is the case for most individual consumer-debtors, a sizeable fraction of the creditors on the two service lists are located out of state, some at substantial distances from the situses of mailing in Minnesota. Given the general presumption of three to four days in transit via hard-copy handling in the mail,[5] neither posting was reasonably likely to give a potential creditor-opponent a meaningful opportunity to advocate denying the relief to these debtors. There simply was not

**3.** As between the two cases, the documents varied in detail and in their adherence to the niceties of form and content. Debtor Collins was renewing a motion for the same relief, the first such having been denied on procedural grounds via a November 29, 2005 order, 334 B.R. 655, 2005 WL 3163962 (Bankr. D.Minn.2005). The sparse text of Debtor Collins's current motion was identical to the first (though the current one was not supported by the debtor's affidavit or verification). More in compliance with the statute and governing rules, Debtor Taylor's motion was supported by verification; and, its text contained a decent amount of detail about the circumstances of his earlier case, its dismissal, and his reasons for seeking the protection of bankruptcy again.

**4.** For her earlier motion, Debtor Collins did not serve a single "private" creditor, only the interim trustee and the United States Trustee. That was fatal to that request for relief, under the considerations of due process and the corollary authority of Fed.R.Civ.P. 65. *In re Collins*, 334 B.R. at 658–59, 2005 WL at 3163962 *3.

**5.** *See* Fed.R.Civ.P. 6(e) (providing, via cross-references to provisions of Fed.R.Civ.P. 5(b) that allow service to be effected by mail, that "3 days shall be added to the prescribed period" for response or other act consequent to service, where service is effected by mail); Loc. R. Bankr.P. (D.Minn.) 9006–1(a) (providing for an extra four days of notice of the hearing on a motion, if service of notice is made via mail rather than in-hand delivery). *See also E.E.O.C. v. Jordan Graphics, Inc.*, 135 F.R.D. 126 (W.D.N.C.1991); *Coles Express v. New England Teamsters & Trucking Indust. Pension Fund*, 702 F.Supp. 355, 357 (D.Me. 1988) (noting that Rule 6(e) addresses "the increased delay almost certain to occur when service is made by mail").

enough time given in either case for creditors to take notice of the receipt of the motion, to evaluate the newly-effective statutory text, to investigate the circumstances of the debtor's earlier bankruptcy case, and to prepare and timely file a formal response.[6] Hearing and deciding these motions on their merits would have denied due process to all parties that would have been affected by a grant of the relief sought, which is why these motions must be denied.

 Given the similarity of the relief to a preliminary injunction,[7] service of a motion under § 362(c)(3)(B) would be adequate under this consideration if it were of a duration in compliance with the bedrock requirements of Loc. R. Bankr.P. (D.Minn.) 9006-1(a). This rule governs any ordinary-course motion in a bankruptcy case for which a notice period is not otherwise prescribed by the Federal Rules of Bankruptcy Procedure or this Court's Local Rules. It requires documents for a motion to "be filed and delivered not later than ten days, or mailed not later than fourteen days before the hearing date." These periods were calculated to balance two competing values: the frequent exigencies of bankruptcy cases, where often time literally is money, and the manifest goal of due process, to enable meaningful participation and informed advocacy.[8]

On the basis of the rationale just recited,

IT IS HEREBY ORDERED that the motions of the debtors in both of these cases, for an extension of the stay of 11 U.S.C. § 362(c)(3)(A), are denied, for failure to give appropriate notice of their requests for relief and of the hearings on them to the creditors and other parties entitled to that notice.

---

6. It is of no real significance that the law firm that had represented Debtor Collins in a long contested proceeding in family court did come forward in formal opposition to the present motion. In the first place, such a creditor is not the typical recipient of a bankruptcy notice, and is obviously more able to evaluate and respond to such a motion. In the second, the creditor's response here went only to the adequacy of the notice, and not inappropriately so. There was not enough time for even a more knowledgeable creditor to get into the merits; this one was unable to

do more on that score than to generally point to the debtor's burden as movant and to challenge the abbreviated written record put forth to meet it in the first instance.

7. See observations in *In re Collins*, 334 B.R. at 658-59, 2005 WL at 3163962 *3.

8. Under 11 U.S.C. § 102(1)(A), this court has "wide discretion as to what notice is appropriate in particular circumstances." *Matter of Killebrew*, 888 F.2d 1516, 1522 (5th Cir. 1989) (interior quote omitted).