**In re Margarita CASTANEDA, Debtor.**

No. 06–00298–M13.

United States Bankruptcy Court,
S.D. California.

April 28, 2006.

John C. Colwell, Law Offices of John C. Colwell, A P.L.C., San Diego, CA, for Debtor.

## MEMORANDUM DECISION

LOUISE DE CARL ADLER,
Bankruptcy Judge.

## I.

## INTRODUCTION

Margarita Castaneda ("Debtor") has filed this motion to continue the automatic stay as to all creditors beyond the 30th day after the filing of this bankruptcy case pursuant to 11 U.S.C. § 362(c)(3)(B)("Motion").[1] Although the Motion is unopposed, this section requires a court to make its own determination whether it may continue the stay. For the reasons more fully set forth below, the Court grants the Motion.

## II.

## FACTUAL BACKGROUND

### A. *Debtor's Prior Chapter 13 Bankruptcy Case.*

Prior to filing this chapter 13 bankruptcy case, Debtor filed a chapter 13 case on May 22, 2003 ("Prior Case").[2] Debtor's Prior Case scheduled secured claims of $12,780 and general unsecured claims of $8,440. In July 2003, Debtor confirmed a plan of reorganization providing for monthly payments of $317 with a 0% dividend to general unsecured creditors. [P.C. Doc. # 2 and 10]

Debtor's Schedule "I" indicates she was employed as a "Caregiver" with net monthly pay of $1,262.06. Additionally, her Schedule "I" lists $700 monthly in "Room and Board" received from her adult daughter, and an average annual tax refund of $812 ($67.66 monthly), for total combined net monthly income of $2,029. Debtor's Schedule "J" lists monthly expenses of $1,712, leaving her $317 in disposable income for her monthly plan payments.[3] [P.C. Doc. # 1]

Debtor made the plan payments until October 2005. Debtor indicates she defaulted because her daughter had stopped working due to pregnancy, and then moved out of debtor's house. [P.C. Doc. # 22; Motion at ¶ 3] Debtor was not able to make up for the lost income. Accordingly, by order entered January 13, 2006, her case was dismissed. [P.C. Doc. # 24]

---

**1.** This section was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8 (2005), effective in cases commenced on or after October 17, 2005. Hereinafter, all code and section references are to 11 U.S.C. § 101 *et seq.* unless otherwise specified.

**2.** The prior case is Southern District of California Bankruptcy Case No. 03–04941–A13. Hereinafter, the docket entries for the Prior Case are referred to as "P.C. Doc. # __."

**3.** This information is not provided in the Motion; although it is pertinent to the Court's ruling. *See* § 362(c)(3)(C)(i)(III).

## B. *Debtor's Current Chapter 13 Bankruptcy Case.*

On February 24, 2006, Debtor filed this chapter 13 case. Debtor's plan of reorganization proposes monthly payments of $247 with a 0% dividend to general unsecured creditors. [Doc. # 2] Debtor's petition scheduled secured claims of $5,964 and general unsecured claims of $11,372. Accordingly, Debtor's general unsecured debts have increased by $2,932 since she filed her Prior Case. Debtor believes the additional debt is due to late charges, penalties and interest on her existing debts, and possible duplicates from the assignment of her credit accounts to collection agencies. [Debtor's Supplemental Declaration filed April 10, 2006 at ¶ 3] [4]

Debtor's schedule "I" indicates she remains employed as a "Caregiver" for the same company. Her Schedule "I" lists net monthly income of $1,717, plus $500 monthly "Rent from adult son" and an average annual tax refund of $858 ($72 monthly), for total combined monthly net income of $2,289. Debtor's Schedule "J" lists monthly expenses of $2,042, leaving $247 monthly to make her plan payments. Therefore, Debtor's income has increased but so have her expenses, leaving her *less* disposable income than she had in her Prior Case.

In accordance with § 362(c)(3)(B), Debtor filed and served this Motion prior to the 30th day after the petition date, and this hearing was held prior to the 30th day. Debtor does not expressly state whether she served the Motion on all of her creditors; although her accompanying proof of service appears complete. The Motion is unopposed.

## III.

### LEGAL ANALYSIS

Under BAPCPA, the automatic stay no longer applies uniformly to all debtors. New § 362(c)(3)(A) limits the duration of the automatic stay for debtors who had a pending case dismissed within the 1–year preceding the most recent bankruptcy case. Specifically, this section provides:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case . . .

■ Nonetheless, § 362(c)(3)(B) provides the stay "may" be continued beyond the 30–day period prescribed by subparagraph (A) if four minimum requirements are met: (1) a motion is filed; (2) there is notice and a hearing; (3) the hearing is completed before the expiration of the 30–day stay; and (4) the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed." *In re Charles ("Charles I")*, 332 B.R. 538, 541 (Bankr.S.D.Tex.2005); *In re Montoya*, 333 B.R. 449, 453 (Bankr.D.Utah 2005); *In re Collins*, 335 B.R. 646, 650 (Bankr.S.D.Texas 2005)(parsing the precise language of

4. This explanatory information was not in the motion. It was provided in response to the Court's letter requesting Debtor to explain the reason for her increased debt. [Doc. # 15] In the future, this type of explanatory information should be filed and served with the motion.

§ 362(c)(3)(B) to determine the "minimum requirements" to continue the stay beyond the first 30 days).

 The movant bears the burden of proof of establishing these minimum requirements. *Charles I*, 332 B.R. at 541–42. Upon meeting these minimum requirements, the court "may" then continue the stay "subject to such conditions or limitations as the court may then impose." § 362(c)(3)(B).

 Although the statute contains four minimum requirements, the bulk of the legal analysis is on the fourth requirement (proving that the filing of the new case was in good faith). *Collins*, 335 B.R. at 650. Section 362(c)(3)(C) provides that for purposes of subparagraph (B), a case is presumptively filed in bad faith:

(i) *as to all creditors,* if—

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1–year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to—

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—[5]

(aa) if a case under chapter 7, with a discharge; or

(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) *as to any creditor* that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor; and.... [6]

[Emphasis added.] The presence of any of the above-listed events gives rise to a rebuttable presumption of bad faith. If the presumption of bad faith arises, the movant must rebut the presumption by "clear and convincing evidence to the contrary." § 362(c)(3)(C); *Collins* at 651; *In re Charles ("Charles II")*, 334 B.R. 207, 215–217 (Bankr.S.D.Tex.2005). In contrast, if

---

**5.** The last part of § 362(c)(3)(C)(i)(III) appears to contain a drafting error when it is read in conjunction with subsection (bb). Section 362(c)(3)(C)(i)(III)(bb) provides a case is presumptively filed in bad faith if there is "any other reason to conclude that the later case will be concluded ... (bb) ... with a confirmed plan that will be fully performed...." Congress could not have intended full performance of a chapter 13 case to be bad faith. Congress probably intended this section to provide: "or any other reason to conclude that the later case will [not] be concluded ... (bb) ... with a confirmed plan that will be fully performed...." As presently drafted it is nonsensical. The statute needs clarification through a technical amendment.

**6.** This subsection is factually inapplicable because no creditor filed a motion for relief from stay in the Prior Case.

the court finds there is no presumption of bad faith arising under § 362(c)(3)(C)(i) or (ii), then the burden of establishing good faith is reduced to preponderance of the evidence. *Collins* at 651; *Charles II*, 334 B.R. at 217.

 The burden of establishing the presence of presumptive bad faith rests upon the opponent to the motion. *Collins* at 650–51; *Charles II* at 216. Notwithstanding, the lack of opposition does not require the Court to continue the stay. Section 362(c)(3)(B) directs that a court may continue the stay *"only if* the party in interest [movant] demonstrates that the filing of the later case is in good faith ..."* (emphasis added). This necessarily means a court must make its own determination of good faith under the applicable evidentiary standard before it may continue the stay. Consequently, the moving papers must establish the nonexistence of presumptive bad faith, or the moving papers must admit and rebut the presumption, even though the burden of proof technically rests upon the opponent and the motion may be unopposed.

 In the present case, the presumption of bad faith arises pursuant to § 362(c)(3)(C)(i)(II)(cc). Debtor had a pending case dismissed within the last year after she failed to perform the terms of her confirmed plan. Further, the presumption may also arise pursuant to § 362(c)(3)(C)(i)(III). This section provides a case is presumptively filed in bad faith if there has not been a substantial change in the debtor's financial or personal affairs since dismissal of the prior case, or if there is any other reason to conclude the

case will be concluded with a confirmed plan that will be fully performed.[7]

In this case, Debtor's financial and personal affairs remain the same as in her Prior Case. Debtor remains employed as a Caretaker with the same company, and she still does not earn enough income from her employment to pay her monthly bills. Although Debtor's salary has increased since her Prior Case, so have her living expenses. She remains unable to make her plan payments without financial assistance. Arguably, the lack of change gives rise to a presumption of bad faith.

However, such a presumption would be a misapplication of § 362(c)(3)(C)(i)(III). Specifically, this section considers a debtor's affairs "since the dismissal" of the prior case to determine if there is presumptive bad faith. Here, Debtor's personal and financial affairs have substantially improved "since the dismissal" of her Prior Case. At that time, Debtor was unable to make the plan payments because she had lost her daughter's income. Debtor's son has now agreed to give his mother $500 monthly for the duration of her plan so she can make her plan payments. The additional income substantially improves Debtor's personal and financial affairs "since the dismissal" of her Prior Case.[8]

Further, the Court is unaware of any other specific reasons to conclude Debtor will not complete this case with a fully performed plan. Section 362(c)(3)(C)(i)(III)(bb) appears to require a court to speculate as to why a debtor might not complete their plan. Obviously, Debtor could encounter many misfortunes over the next five years that could prevent

---

7. As indicated in footnote 5 above, the last part of § 362(c)(3)(C)(i)(III) appears to contain a drafting error when it is read in conjunction with subsection (bb).

8. At the Court's request, Debtor's son filed a declaration confirming his financial commitment for the next five years. In the future, the Court will require this type of supporting evidence to be filed and served with the motion.

her from completing her plan (including loss of her son's income). However, the evidence is that Debtor's son has committed to making the payments for the duration of her plan. In an unopposed motion the Court will not speculate. Accordingly, the Court holds the presumption of bad faith arises under § 362(c)(3)(C)(i)(II)(cc). But no presumption arises under § 362(c)(3)(C)(i)(III).

Because the presumption arises, Debtor must rebut the presumption by clear and convincing evidence. This evidence standard is stricter than the preponderance of the evidence standard. It is defined as that degree or measure of proof which will produce in the mind of the trier of fact, a firm belief or conviction that the allegations sought to be established are true; it is "evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Charles I*, 332 B.R. at 542; *Collins* at n. 4; *In re Wilson*, 336 B.R. 338, 347 (Bankr.E.D.Tenn.2005).

Moreover, mere statements by the movant in the motion do not carry any evidentiary weight. *Wilson*, 336 B.R. at 347–48. The movant must provide detailed, competent, evidence sufficient to satisfy all elements of § 362(c)(3)(B) and, if applicable, to rebut the presumption of bad faith in §§ 362(c)(3)(C)(i) and (ii). The evidence must be filed and served with the motion so that creditors can evaluate the integrity of the current case, and so that the Court can determine under the applicable evidentiary standard whether the later case was filed in good faith. *Wilson*, 336 B.R. at 348–49.

In the present case, Debtor's Motion did not provide the type of detailed, competent evidence needed to grant the Motion. Although normally the Court would not afford a debtor the opportunity to augment the record, given the recency of this legislation and its heightened requirement of evidentiary proof, the Court allowed Debtor to submit supplemental evidence. Debtor's supplemental evidence will suffice to grant the Motion since it is unopposed.

Specifically, the Court finds Debtor has met the first three requirements of § 362(c)(3)(B). The only issue is the fourth requirement of finding that Debtor filed her case in good faith as to her creditors. Section 362(c)(3)(B) does not define good faith for purposes of making this determination. The concept of what constitutes good faith is, however, well defined by pre-BAPCPA case law as being a "totality of circumstances" test. In view of Congress' minimal guidance, the Court will follow the reasoning of the other courts that have imported pre-BAPCPA case law into § 362(c)(3)(B). Accordingly, the Court will utilize the "totality of circumstances" test to assist its determination of whether Debtor filed her new case in good faith. *Charles II* at 217–18; *see also In re Baldassaro*, 338 B.R. 178, 187 (Bankr.D.N.H.2006).

In this circuit, the "totality of circumstances" test for determining whether a debtor filed a chapter 13 case in good faith includes: 1) whether debtor misrepresented facts in the petition or the plan, unfairly manipulated the Code or otherwise filed the current chapter 13 plan or petition in an inequitable manner; 2) debtor's history of filings and dismissals; 3) whether debtor only intended to defeat state court litigation; and 4) whether egregious behavior is present. In *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir.1999); *see also In re Villanueva*, 274 B.R. 836, 841 (9th Cir.BAP2002)(listing factors to evaluate whether a chapter 13 plan has been proposed in good faith).

The Court concludes Debtor has rebutted the presumption of bad faith by clear and convincing evidence. The evidence shows Debtor made her plan payments for over two years during her Prior Case until her daughter's personal and financial situation changed. Debtor reduced the amount of her secured debt by a significant amount, and there is no evidence the Debtor incurred new debts.

Further, the evidence shows Debtor is the victim of circumstances beyond her control. Debtor is hard working but she simply does not earn enough income as a caretaker to pay her monthly bills. Debtor tried to improve her financial situation through her Prior case. She should not be penalized for her daughter's life changes. Moreover, Debtor's desire to start her plan over after making over two years of payments in her Prior Case is admirable. It shows a genuine desire to complete her case.

Similarly, the totality of circumstances supports the Court's finding of good faith. Debtor is not a repeat filer in the traditional sense. There is no evidence of any misrepresentations of fact, unfair manipulation of the Code or any other inequitable or egregious behavior. To the contrary, Debtor made all her plan payment until she encountered circumstances beyond her control. There is nothing to suggest bad faith.

Even though the Court may be satisfied that Debtor filed the case in good faith, extension of the stay is not automatic but rather discretionary because § 362(c)(3)(B) utilizes the term "may" and not "shall." *Charles II*, 334 B.R. at 223. Of course, it would be an abuse of that discretion where, as here, there is no apparent reason to decline to continue the stay other than the statutory presumption of bad faith which Debtor has rebutted. Accordingly, the Motion is granted.

## V.

## CONCLUSION

Debtor has satisfied the four minimum requirements contained in § 362(c)(3)(B) to allow the Court to continue the stay. Only the fourth minimum requirement of good faith is at issue in this case. With respect to this fourth requirement, Debtor presumptively filed the case in bad faith as to her creditors because she had a prior pending case which was dismissed within the year preceding the filing of this case after Debtor failed to perform the terms of her confirmed plan. § 362(c)(3)(C)(i)(II)(cc). However, Debtor rebutted the presumption by clear and convincing evidence. This is an unopposed motion and the Court is unaware of any factors that would indicate Debtor filed this case in bad faith.

It is unfortunate that a debtor in this factual situation had to incur the expense of filing this Motion. It is also unfortunate she had to pay counsel to attend a hearing on an unopposed motion where there is simply no reason to question her good faith. It is a waste of the Debtor's limited resources and it is a waste of the Court's time.

The Motion is granted as to all creditors. Debtor is directed to prepare and file an order granting the Motion within ten days of the date of entry of this Memorandum Decision.