**In re Mary E. SIMMONS, Debtor.**

**Mary E. Simmons, Appellant,**

**v.**

**Ellen W. Cosby, Appellee.**

CIV. No. H–00–3562.
Bankruptcy No. 99–65737–SD.

United States District Court,
D. Maryland.

Jan. 2, 2001.

Mary E. Simmons, Washington, DC, pro se.

Ellen W. Cosby, Baltimore, MD, pro se.

## MEMORANDUM OPINION

HARVEY, Senior District Judge.

In this bankruptcy appeal, appellant Mary E. Simmons ("Simmons"), who is the debtor and who is proceeding *pro se*, has challenged an Order entered by the United States Bankruptcy Court for the District of Maryland in her bankruptcy case. Appellant Simmons filed a Chapter 13 case in Bankruptcy Court on December 6, 1999. Ellen W. Cosby was appointed Trustee and later filed a motion to dismiss the case for failure of Simmons to commence Plan payments. By Order dated November 9, 2000, Bankruptcy Judge E. Stephen Derby dismissed appellant's Chapter 13 case on several grounds.

Simmons has now appealed to this Court from Judge Derby's Order dismissing her Chapter 13 case. A brief in support of the appeal has been submitted by appellant, and appellee Cosby has now filed a brief in opposition. Following its review of the parties' briefs and the record here, this Court has determined that no oral argument is necessary for a decision in this appeal. *See* Bankruptcy Rule 8012. For the reasons stated herein, the Order of the Bankruptcy Court of November 9, 2000 will be affirmed.

■ In his Order of November 9, 2000, Judge Derby dismissed appellant's Chapter 13 case pursuant to 11 U.S.C. § 1307(c). Judge Derby determined that there had been a material default by appellant with respect to filing a Plan, with respect to making Plan payments and with respect to her attendance at creditors' meetings. In her *pro se* brief, appellant challenges these findings. Findings of fact made by the Bankruptcy Court in core proceedings are reviewed under the clearly erroneous standard. *In re Broumas*, 203 B.R. 385, 388 (D.Md.1996) (citation omitted), *aff'd in part, rev'd in part on other grounds, In re Broumas*, Nos. 97–1183, 97–1182, 1998 WL 77842 (4th Cir.Md.) (unpublished opinion). The applicable standard of review based on the record here is whether the findings made by the Bankruptcy Court were clearly erroneous. *See also* Bankruptcy Rule 8003.

On November 9, 2000, Judge Derby held a hearing on the Trustee's motion to dismiss appellant's Chapter 13 case. Appellant's motion for a continuance of that hearing had previously been denied. Appellant did not appear in court on November 9, 2000. At that hearing, the Trustee reported that no Plan had been filed by the debtor, that none of the 10 monthly Plan payments due had been received and that she had not been able to conduct a § 341 meeting of creditors because debtor had not appeared and had not made alternative arrangements as required by § 343.

■ Following its review of the findings made by Judge Derby in this case, this Court concludes that such findings were not clearly erroneous. Appellant Simmons had been proceeding *pro se* and is obviously not familiar with the requirements of applicable bankruptcy law. Nevertheless, her *pro se* status does not excuse her from satisfying the duties and responsibilities imposed by the Bankruptcy Code on a Chapter 13 debtor. Appellant has not satisfied the obligations imposed upon her by bankruptcy law.

■ One of the primary duties of a debtor in a Chapter 13 case is to file a Plan. *See* 11 U.S.C. § 1321. As disclosed by the record here, no such Plan was ever filed by appellant. She was initially granted an extension of time for the filing of a Plan but was eventually required to file it by June 23, 2000. She failed to do so by that date, and Judge Derby properly assigned such failure as a reason for dismissing the case under § 1307(c)(3).

Pursuant to 11 U.S.C. § 343, a debtor is required to appear and submit to examination at the meeting of creditors. Appellant failed to appear at the original meeting of creditors on January 14, 2000 and at the rescheduled meeting of creditors on July 13, 2000. Pursuant to 11 U.S.C. § 1307(c)(1), such failure represents anoth-

er adequate ground for dismissal of appellant's Chapter 13 case.

Pursuant to 11 U.S.C. § 1326(a)(1), a debtor is required to commence making payments proposed by a Plan within thirty days after the Plan is filed. Appellant claims that she has filed a Plan and that she has been making payments pursuant to the Plan. The Bankruptcy Court accordingly ordered her to certify by June 23, 2000 that at least one Plan payment had been made to appellee. No such certification was ever made. Moreover, appellee Cosby, the Trustee in the case, has not received any payments at all from Simmons. Appellant's failure discloses a lack of good faith and constitutes yet another ground for dismissal of appellant's Chapter 13 case. *See* 11 U.S.C. § 1307(c)(4).

In the brief which she has filed in support of her appeal, Simmons claims that the Bankruptcy Court should have dismissed appellee Cosby as Trustee in this case. Appellant's brief consists principally of pejorative attacks directed by her against Bankruptcy Judge Derby and against appellee Cosby. Judge Derby is accused of not reading appellant's motion, of not carefully examining the record, of inaccurately characterizing the events and of rushing to rule the wrong way because of too big a caseload or for the purpose of a year-end caseload cleanup. According to appellant, the Trustee was unequipped to do her job, and the Trustee has been charged with incompetence and unresponsiveness.

Appellant's pejorative attacks do not support her challenges to actions taken in this case by Judge Derby and the Trustee. Both the Trustee and the Bankruptcy Court have been more than accommodating in attempting to assist appellant Simmons in her Chapter 13 case. That the case has now been dismissed is attributable to appellant's misunderstanding of the important duties and responsibilities which she undertook in filing her Chapter 13 case.

For all these reasons, this Court concludes that there is no merit to the pending appeal. Bankruptcy Judge Derby properly exercised his discretion in entering his Order of November 9, 2000, and Judge Derby's findings were not clearly erroneous. An appropriate Order will be entered by the Court.