**In re Priscilla MONTOYA, Debtor.**

No. 06–00303–B13.

United States Bankruptcy Court,
S.D. California.

April 12, 2006.

D.J. Rausa, San Diego, CA, for debtor.

Thomas H. Billingslea, San Diego, CA, for trustee.

## MEMORANDUM DECISION

LOUISE DE CARL ADLER, Bankruptcy Judge.

## I.

## INTRODUCTION

Priscilla Montoya ("Debtor") has filed this motion to continue the automatic stay as to all creditors beyond the 30th day after the filing of this bankruptcy case pursuant to 11 U.S.C. § 362(c)(3)(B)("Motion").[1] Although the Motion is unopposed, this section requires a court to make its own determination as to whether it may continue the stay. For the reasons more fully set forth below, the Court grants the Motion.

## II.

## FACTUAL BACKGROUND

### A. *Debtor's Prior Chapter 13 Bankruptcy Case.*

Prior to filing this chapter 13 bankruptcy case, Debtor filed a chapter 13 case on January 27, 2005 ("Prior Case").[2] Debtor's Prior Case scheduled secured claims of $32,122 and general unsecured claims of $11,849. Debtor confirmed a plan of reorganization by order entered March 4, 2005,

---

1. This section was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8 (2005), effective in cases commenced on or after October 17, 2005. Hereinafter, all code and section references are to 11 U.S.C. § 101 *et seq.* unless otherwise specified.

2. The prior case is Southern District of California Bankruptcy Case No. 05–00590–H13. Hereinafter, the docket entries for the Prior Case are referred to as "P.C. Doc. # ___."

providing for monthly payments of $430 with a 16% dividend to general unsecured creditors. [P.C. Doc. # 2 and 10]

Debtor's Schedule "I" indicated she was employed in the "Medical Records" field with the same employer for five years, bringing home a net monthly pay of $2,561 as her sole source of income. Debtor's Schedule "J" lists monthly expenses of $2,130, leaving her $431 in disposable income for her monthly plan payments.[3] [P.C. Doc. # 1]

Debtor made all her plan payments in the prior case; however, she determined she could not proceed with her plan for personal reasons, so she moved to dismiss the case.[4] [P.C. Doc. # 18] The trustee did not oppose the motion and, in June 2005, the prior case was dismissed. [P.C. Doc. # 20]

### B. *Debtor's Current Chapter 13 Bankruptcy Case.*

Debtor filed this chapter 13 case on February 24, 2006. Debtor's plan of reorganization proposes monthly payments of $500 with a 45% dividend to general unsecured creditors. [Doc. # 2]

Debtor's petition scheduled no secured claims, a 2005 priority tax claim of $2,036 and general unsecured claims of $29,562. With the exception of her tax debt, Debtor's overall debts have not increased. Rather, they were reclassified from secured to general unsecured claims as a result of two vehicles being returned or repossessed. Debtor no longer owns a vehicle.

Debtor's schedule "I" indicates she is a single mother with two young children. She remains employed in the medical records field with the same employer where she earns a net monthly income of $2,909 as her sole source of income. Debtor's Schedule "J" lists monthly expenses of $2,409, leaving $500 to make her monthly plan payments. Accordingly, Debtor has slightly more disposable income to fund a plan than in her Prior Case.

In accordance with § 362(c)(3)(B), Debtor filed and served this Motion prior to the 30th day after the petition date, and this hearing was held prior to the 30th day at which time the Court took the matter under submission. Debtor does not expressly state that she served the Motion on all of her creditors, although the accompanying proof of service appears complete. The Motion is unopposed.

### III.

### LEGAL ANALYSIS

Under BAPCPA, the automatic stay no longer applies uniformly to all debtors. New § 362(c)(3)(A) limits the duration of the automatic stay for debtors who had a pending case dismissed within the 1–year preceding the most recent bankruptcy case. Specifically, this section provides:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, other than a case refiled under a chapter other than

---

**3.** This information is not provided in the Motion; although it is pertinent to the Court's ruling. *See* § 362(c)(3)(C)(i)(III).

**4.** Debtor explains that she and her former husband had assisted her parents in financing a house. After their divorce, her parents wanted to refinance to remove her former husband from title. During her Prior Case, Debtor learned the lender required dismissal of her bankruptcy as condition to funding the new loan. [Declaration at ¶¶ 5–6]

chapter 7 after dismissal under section 707(b)—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case....

■ Nonetheless, § 362(c)(3)(B) provides the stay "may" be continued beyond the 30–day period prescribed by subparagraph (A) if four minimum requirements are met: (1) a motion is filed; (2) there is notice and a hearing; (3) the hearing is completed before the expiration of the 30–day stay; and (4) the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed." *In re Charles ("Charles I")*, 332 B.R. 538, 541 (Bankr.S.D.Tex.2005); *In re Montoya*, 333 B.R. 449, 453 (Bankr.D.Utah 2005); *In re Collins*, 335 B.R. 646, 650 (Bankr.S.D.Texas 2005)(parsing the precise language of § 362(c)(3)(B) to determine the "minimum requirements" to continue the stay beyond the first 30 days).

■ The movant bears the burden of proof of establishing these minimum requirements. *Charles I*, 332 B.R. at 541–42. Upon meeting these minimum requirements, the court "may" then continue the stay "subject to such conditions or limitations as the court may then impose." § 362(c)(3)(B).

■ Although the statute contains four minimum requirements, the bulk of the legal analysis is on the fourth requirement (proving that the filing of the new case was in good faith). *Collins*, 335 B.R. at 650. Section 362(c)(3)(C) provides that for purposes of subparagraph (B), a case is presumptively filed in bad faith:

(i) *as to all creditors*, if—

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1–year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to—

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—

(aa) if a case under chapter 7, with a discharge; or

(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) *as to any creditor* that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor; and ....[5]

---

**5.** Section 362(c)(3)(C)(ii) is factually inapplicable because no creditor filed a motion for

[Emphasis added.] The presence of any of the above-listed events gives rise to a rebuttable presumption of bad faith. If the presumption of bad faith arises, the movant must rebut the presumption by "clear and convincing evidence to the contrary." § 362(c)(3)(C); *Collins* at 651; *In re Charles* ("*Charles II*"), 334 B.R. 207, 215–217 (Bankr.S.D.Tex.2005). In contrast, if the court finds there is no presumption of bad faith arising under § 362(c)(3)(C)(i) or (ii), then the burden of establishing good faith is reduced to preponderance of the evidence. *Collins* at 651; *Charles II*, 334 B.R. at 217.

 The burden of establishing the presence of presumptive bad faith rests upon the opponent to the motion. *Collins* at 650–51; *Charles II* at 215–17. Notwithstanding, the lack of opposition does not require the Court to continue the stay. Section 362(c)(3)(B) directs that a court may continue the stay *"only if* the party in interest [movant] demonstrates that the filing of the later case is in good faith ..."* (emphasis added). This necessarily means a court must make its own determination of good faith under the applicable evidentiary standard before it may continue the stay. Consequently, the moving papers must establish the nonexistence of presumptive bad faith, or the moving papers must admit and rebut the presumption, even though the burden of proof technically rests upon the opponent and the motion may be unopposed.[6]

Debtor has two arguments in favor of continuing the stay. First, she argues the presumption of bad faith does not apply because § 362(c)(3) only applies where the prior case was filed on or after October 17, 2005, and thereafter dismissed. [Motion at 2] Alternatively, Debtor argues she has overcome the presumption of bad faith by clear and convincing evidence because she had only one prior case pending within the previous year and she fully performed her duties and obligations until she voluntarily dismissed her case. [Motion at 3–6]

Debtor's first argument flies in the face of § 362(c)(3)(C). This section applies to all cases filed on or after October 17, 2005, and it expressly refers to the situation where there was a prior case "pending within the preceding 1–year period." § 362(c)(3). By use of the term "pending," Congress wrote retroactivity into this statute. *See* 2005 Bankr.Reform Legis. with Analysis 2d at § 7:16. Because Debtor had a prior case pending within the preceding 1–year period, § 362(c)(3) applies.

With respect to Debtor's second argument, no presumption of bad faith arises in this case. The presumption never arises because none of the events set forth in § 362(c)(3)(C)(i) or (ii) are present in this case. Debtor had only one other pending bankruptcy case within the preceding year which she voluntarily dismissed even though she was current with her plan payments and her duties and obligations. There was no motion for relief from stay filed and there was no adequate protection order in the case. Moreover, Debtor's financial situation has improved resulting in her proposal of a significantly higher 45%

relief from stay in the Prior Case.

**6.** Necessarily, the movant must provide detailed, competent, evidence to satisfy all elements of § 362(c)(3)(B) and, if applicable, to rebut the presumption of bad faith in § 362(c)(3)(C). The evidence must be filed and served with the motion so that creditors can evaluate the integrity of the current case, and so that the court determine under the applicable evidentiary standard whether the later case was filed in good faith. *In re Wilson*, 336 B.R. 338, 347–49 (Bankr.E.D.Tenn. 2005).

plan in comparison to the 16% plan in her Prior Case.[7]

■ Because the presumption of bad faith does not arise, the Court need only determine whether Debtor has established the four minimum requirements of § 362(c)(3)(B) by a preponderance of the evidence.[8] § 362(c)(3)(B). In the present case, the Motion attests that it was filed and served prior to the 30th day after the petition date, and the hearing was held prior to the 30th day. The Motion does not affirmatively represent it was properly served on all of Debtor's creditors, but in comparing the proof of service with the list of creditors, it appears that it was. In the future, motions of this nature should affirmatively state they are served on all creditors.

■ Finally, the Debtor must prove by a preponderance of evidence that the new case was filed in good faith as to the creditors sought to be stayed. § 362(c)(3)(B). Section 362(c)(3) does not define good faith for purposes of this determination. The concept of what constitutes a bad faith bankruptcy filing is, however, well defined by pre-BAPCPA case law as being a "totality of circumstances" test. In view of the minimal guidance from Congress, the Court will follow the reasoning of the other courts that have imported pre-BAPCPA case law into § 362(c)(3)(B). Accordingly, the Court will utilize the "totality of circumstances" test to assist its determination of whether the Debtor filed her new case in good faith as to the creditors she seeks to stay. § 362(c)(3)(B); *Charles II* at 217–18; *see also In re Havner*, 336 B.R. 98, 103–104 (Bankr.M.D.N.C. 2006); *In re Baldassaro*, 338 B.R. 178, 187, (Bankr.D.N.H.2006).

■ In this circuit, the "totality of circumstances" test for determining whether a debtor filed a chapter 13 case in good faith includes: 1) whether debtor misrepresented facts in the petition or the plan, unfairly manipulated the Code or otherwise filed the current chapter 13 plan or petition in an inequitable manner; 2) debtor's history of filings and dismissals; 3) whether debtor only intended to defeat state court litigation; and 4) whether egregious behavior is present. *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir.1999); *see also In re Villanueva*, 274 B.R. 836, 841 (9th Cir. BAP 2002) (listing factors to evaluate whether a chapter 13 plan has been proposed in good faith).

■ In this case, the Court concludes Debtor has provided evidence of her good

---

7. Although Debtor's financial situation has improved for purposes of this Motion, arguably Debtor's personal affairs have worsened. Debtor faces the challenge of being a single working mother raising two young children without her own vehicle in a city with poor public transportation. This obstacle creates doubt about Debtor's true ability to perform the plan for the full five years, but the Court will not speculate since her financial situation has improved.

8. In contrast, the "clear and convincing evidence" standard is a much stricter standard to meet. This standard is defined as that degree or measure of proof which will produce in the mind of the trier of fact, a firm belief or conviction that the allegations sought to be established are true; it is "evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Charles I* at 542; *Collins* at n. 4; *Wilson*, 336 B.R. at 347. Given the inherent uncertainty concerning what can happen over a period of five years, it is difficult to discern a factual situation that would enable a court to conclude with this degree of certainty that a debtor's bankruptcy case was filed in good faith *and* the case will result in a confirmed plan that will be fully performed. *See* § 362(c)(3)(C)(i)(III). Fortunately, the Court need not reach this issue since the preponderance of evidence standard applies to this case.

faith by a preponderance of the evidence. Debtor states she is determined to complete her plan, which proposes a $500 monthly payment and a 45% dividend to unsecured creditors. This is an improvement over her prior case and evidence of good faith. Further, Debtor says, without much explanation, she must complete the plan for the benefit of her children and she has made the necessary financial changes to improve her financial situation. It would appear she is alluding to the fact that she has surrendered two vehicles since the prior case was dismissed. Given her voluntary dismissal of the prior case and the lack of opposition to this Motion, there is simply no reason for the Court to conclude Debtor's latest bankruptcy filing was anything other than in good faith.

■ Even though the Court may be satisfied that Debtor has proved the four elements of § 362(c)(3)(B) by a preponderance of the evidence, extension of the stay is not automatic but rather discretionary because § 362(c)(3)(B) utilizes the term "may" and not "shall". *Charles II*, 334 B.R. at 223. Of course, it would be an abuse of that discretion where, as here, there is no apparent reason to decline to continue the stay. Accordingly, the Motion is granted.

## IV.

### CONCLUSION

Debtor has satisfied the four minimum requirements contained in § 362(c)(3)(B) to allow the Court to continue the stay. Debtor timely filed the Motion seeking to continue the stay within the first 30 days. Debtor appears to have given proper notice of the Motion and the hearing to all of her creditors; although the Motion should have included an affirmative statement that this requirement is met. And, the hearing on the Motion was also held within the first 30 days. Only the fourth requirement is at issue in this case.

With respect to the fourth requirement of good faith as to the creditors to be stayed, the Court finds this requirement has been met by a preponderance of the evidence. Debtor had a prior pending case which she voluntarily dismissed within in the preceding year, but there is no presumptive bad faith and the "totality of circumstances" indicates Debtor filed this case in good faith as to all of her creditors. These creditors must agree as none has filed objection to her Motion.

It is unfortunate that a debtor in this factual situation had to incur the expense of filing this Motion. It is also unfortunate she had to pay counsel to attend a hearing on an unopposed motion where there is simply no reason to question her good faith. It is a waste of Debtor's limited resources and it is a waste of the Court's time.

The Motion is granted as to all creditors. Debtor is directed to prepare and file an order granting the Motion within ten days of the date of entry of this Memorandum Decision.