NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  LOUIS C. NEMETH,<br><br>            Debtor.<br>_____<br><br>LOUIS C. NEMETH,<br><br>            Appellant,<br><br>   v.<br><br>AMRANE COHEN, Chapter 13 Trustee;<br>WELLS FARGO BANK, N.A.,<br><br>            Appellees. | No. 17-60019<br><br>BAP No. 16-1230<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Novack, and Lafferty, Bankruptcy Judges, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Louis C. Nemeth appeals pro se from the Bankruptcy Appellate Panel's

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  To the extent that Nemeth requests oral argument in his opening brief, the request is denied.

("BAP") judgment affirming the bankruptcy court's order dismissing Nemeth's Chapter 13 bankruptcy petition. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by dismissing Nemeth's petition because Nemeth failed to make plan payments or post-petition mortgage payments. *See* 11 U.S.C. § 1307(c)(4) (permitting dismissal for failure to make payments under the proposed payment plan); Bankr. C.D. Cal. R. 3015-1(m)(2), (7) (permitting dismissal for failure to make post-petition mortgage payments).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Nemeth's contention that his due process rights were violated and that the 180-day bar to refiling was improper.

**AFFIRMED.**

17-60019