**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>STASHA LAUREN SILL,<br><br>     Debtor. | BAP No. CC-17-1300-SKuL<br>BAP No. CC-17-1312-SKuL<br>(Related)<br><br>Bk. No. 6:17-bk-16994-MH |
| STASHA LAUREN SILL,<br><br>     Appellant,<br><br>v.<br><br>SUSAN GLAZE; CYNTHIA WEBB;<br>ROD DANIELSON, Chapter 13 Trustee,<br><br>     Appellees. | **MEMORANDUM**[*] |

Submitted Without Oral Argument
on May 24, 2018[**]

Filed – June 6, 2018

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] By order entered May 17, 2018, this Panel made attendance at oral argument optional. Because none of the parties appeared at the time and place scheduled for argument, the Panel took these matters under submission without oral argument.

Appeal from the United States Bankruptcy Court
for the Central  District of California

Honorable Mark D. Houle, Bankruptcy Judge, Presiding

———————

Appearances:  Appellant Stasha Lauren Sill pro se on brief; Daniel R. Forde of Hoffman & Forde on brief for appellees Susan Glaze and Cynthia Webb; Elizabeth A. Schneider on brief for appellee Rod Danielson, Chapter 13 Trustee.

———————

Before: SPRAKER, KURTZ, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Stasha Lauren Sill appeals from an order denying her motion to continue the automatic stay in her second chapter 13[1] bankruptcy case filed within a year. Sill also appeals from an order dismissing the second case. Sill's main argument on appeal concerns the adequacy of her counsel's representation. She contends that the bankruptcy court's adverse rulings were the result of her counsel's acts and omissions. According to Sill, she should not have been held responsible for her counsel's alleged mistakes in

———————

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure, and all "Local Rule" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

representing her. We disagree. On this record, it is far from clear that the adverse rulings were the result of anything Sill's counsel did or did not do. Regardless, Sill is legally responsible for her counsel's acts and omissions. Accordingly, we AFFIRM.

## FACTS

Sill commenced her first chapter 13 case in July 2017 (Case No. 6:17-bk-15864-MH). That case was dismissed without prejudice in August 2017 at the time of the confirmation hearing. The bankruptcy court dismissed the first chapter 13 case because Debtor was incarcerated at the time of the confirmation hearing and her proposed plan was clearly not feasible.

Sill commenced her second chapter 13 case within days of the dismissal of her first case. In successive cases, § 362(c)(3) provides that the automatic stay expires thirty days after filing unless extended by the bankruptcy court upon a showing of good faith. Sill thus filed a motion to continue the stay as permitted under § 362(c)(3)(B) to prevent her secured creditors from foreclosing on her residence. Sill asserted that the stay should continue because she filed her second bankruptcy case in good faith. According to Sill, she rearranged her living situation in order to be able to afford her plan payments. Sill asserted that her mother and brother had moved in with her and were contributing to her monthly expenses. Sill further asserted that her uncle was willing to contribute any remaining amounts for her plan payments necessary to ensure an effective reorganization. Sill also maintained she was

3

searching for employment now that she no longer was incarcerated and that she also received oil rights income. These changed circumstances, Sill insisted, evidenced her ability to pay her secured creditors as part of her chapter 13 reorganization.

Susan Glaze[2] and Cynthia Webb, creditors who assert a claim secured by an interest in Sill's residence, opposed the motion. Among other things, Glaze and Webb claimed that Sill had no equity in the property and that it was not necessary for her reorganization. Sill admitted these facts in the motion which listed a secured claim of $425,054 and a property value of $414,465. Glaze and Webb further pointed out that their underlying loan to Sill had fully matured prior to her first bankruptcy filing. Glaze and Webb argued that the number of discrepancies in Sill's bankruptcy court documents evidenced Sill's bad faith in filing the second bankruptcy. These discrepancies included: (1) the amount owed to Glaze and Webb, (2) the amount in arrears, and (3) the value of her residence.

Glaze and Webb also asserted that Sill had failed to establish a change in her financial circumstances that would permit her to confirm and perform a feasible chapter 13 plan. They noted that, even though Sill no longer was incarcerated, she remained unemployed and her plan was dependent on

---

[2] The secured creditors' papers sometimes referred to Glaze as the secured creditor but sometimes said that a trust established by Glaze was the real party in interest. This discrepancy is not relevant to our analysis or resolution of this appeal. For ease of reference, we refer to her simply as Glaze.

thousands of dollars per month in family contributions. As Glaze and Webb also noted, there was little or no evidence demonstrating her relatives' willingness or ability to financially support her throughout the course of her chapter 13 plan. In particular, Sill presented no evidence that her family had financially supported her in the past. Glaze and Webb further complained that the net income Sill's mother and brother alleged they received each month was not supported by the income documentation they submitted. Meanwhile, Sill's uncle did not submit anything indicating his willingness and ability to financially support Sill.

Sill and her counsel failed to appear at the hearing on the stay motion. The bankruptcy court denied the motion based on the arguments made and evidence presented in the secured creditors' opposition, the failure of either Sill or her attorney to appear, and Sill's failure to establish that she had reliable financial resources available to support a feasible chapter 13 plan.

On September 28, 2017, roughly a week after the hearing on the stay continuance motion, the bankruptcy court held a confirmation hearing on Sill's proposed chapter 13 plan.[3] Only the chapter 13 trustee appeared at the confirmation hearing. Neither Sill nor her counsel appeared. The trustee advised the bankruptcy court that Sill had not made any chapter 13 plan

---

[3] Glaze and Webb filed an opposition to confirmation of Sill's chapter 13 plan. In their opposition, Glaze and Webb made the same points they had made in their opposition to the stay continuance motion. However, they did not appear at the confirmation hearing. Nor did the bankruptcy court reference their plan opposition when it dismissed Sill's case.

5

payments and had failed to personally appear for the § 341(a) meeting of creditors held earlier that same day. The trustee further advised the court that, at the meeting of creditors, he had told Sill's counsel that he would be recommending to the court dismissal of the bankruptcy case, with a 180-day bar to refiling.

Based on the trustee's representations, the bankruptcy court dismissed the bankruptcy case. The bankruptcy court entered its case dismissal order that same day, on September 28, 2017. Sill timely filed a notice of appeal from the case dismissal order and the order denying the stay continuance motion.[4]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.      Did the bankruptcy court abuse its discretion when it denied the stay continuance motion?

2.      Did the bankruptcy court abuse its discretion when it dismissed Sill's chapter 13 case?

## STANDARDS OF REVIEW

We review orders granting or denying relief concerning the automatic

---

[4] On October 31, 2017, this panel issued an order splitting this appeal into two separate appeals because Sill's notice of appeal reflected that she sought review of two distinct, final orders.

stay for an abuse of discretion. *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*, 96 F.3d 346, 351 (9th Cir. 1996). We similarly review orders dismissing chapter 13 cases. *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011).

A bankruptcy court abuses its discretion if it applies an incorrect legal rule or if its factual findings are illogical, implausible or without support in the record. *Id.* (citing *USAA Fed. Sav. Bank v. Thacker (In re Taylor)*, 599 F.3d 880, 887–88 (9th Cir. 2010)).

## DISCUSSION

### A.   Denial of Motion to Continue Stay.

With one exception not relevant here, the automatic stay terminates by its own terms thirty days after the debtor's bankruptcy filing, when the debtor has filed a prior bankruptcy case that was dismissed within one year of the second bankruptcy filing. § 362(c)(3)(A). However, pursuant to § 362(c)(3)(B), the debtor or any other interested party may seek to extend the automatic stay that otherwise would expire thirty days after the second petition is filed. The movant must demonstrate that the case was filed "in good faith as to the creditors to be stayed." § 362(c)(3)(B); *see also Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 368–69 (9th Cir. BAP 2011).

Under certain circumstances, a presumption of bad faith arises that the movant may rebut only by presenting clear and convincing evidence of the debtor's good faith. § 362(c)(3)(C); *In re Reswick*, 446 B.R. at 369. But the

bankruptcy court here made no finding that any of the factors triggering the presumption of bad faith existed. Accordingly, Sill only needed to demonstrate her good faith by a preponderance of the evidence. *In re Elliott-Cook*, 357 B.R. 811, 814–15 (Bankr. N.D. Cal. 2006); *In re Montoya*, 342 B.R. 312, 316 (Bankr. S.D. Cal. 2006).

In assessing the debtor's good faith, the bankruptcy court typically considers the totality of the circumstances. *In re Elliott-Cook*, 357 B.R. at 814; *see also In re Nath*, 2017 WL 1194735, at *4 (S.D.N.Y. 2017) (listing cases). The pertinent factors often are similar to those considered in order to determine the debtor's good faith in proposing a chapter 13 plan. *In re Elliott-Cook*, 357 B.R. at 814. The good faith assessment is not meant to be rigid. *In re Elliott-Cook*, 357 B.R. at 814; *see also Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 677 n.10 (9th Cir. BAP 2006) (discouraging formulaic attempts to apply specific factors with mathematical precision). As a practical matter, the § 362(c)(3)(B) good faith analysis in the chapter 13 context frequently will hinge on two factors: "1) why the previous [chapter 13] plan failed, and 2) what has changed so that the present [chapter 13] plan is likely to succeed." *In re Elliott-Cook*, 357 B.R. at 815; *see also In re Jackola*, 2011 WL 2518930, at *3 (Bankr. D. Haw. 2011) ("probably the most important indicia of good faith is a realistic prospect of success in the second case, contrary to the failure of the first case.").

Here, the bankruptcy court effectively found that there was insufficient

evidence of a change in Sill's financial circumstances that would permit her to confirm and perform a feasible chapter 13 plan. On appeal, Sill has not challenged this critical finding or, for that matter, any of the findings the bankruptcy court relied upon in denying the stay continuance motion.

With respect to the denial of the stay continuance motion, all Sill argues on appeal is that she did not know that she needed to appear at the hearing on her stay continuance motion and that her counsel's failure to attend this hearing should not have counted against her. As a matter of law, litigants typically bear the consequences of their counsel's errors and omissions. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 396–97 (1993); *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1101 (9th Cir. 2010).

Furthermore, Sill's argument misses the point. The bankruptcy court denied her stay continuance motion primarily because Sill failed to establish her good faith in filing her second chapter 13 case within one year. Sill has not even argued, much less established, that the bankruptcy court committed reversible error in making the good faith determination and in denying Sill's motion on that basis. We cannot conclude on the record presented that the bankruptcy court's finding regarding that absence of sufficient change in Sill's financial situation was illogical, implausible or without support in the record. *See generally Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). Accordingly, we will AFFIRM the bankruptcy court's denial of the stay continuance motion.

**B.      Dismissal of Sill's Second Chapter 13 Case.**

The bankruptcy court did not specify the legal basis on which it relied to dismiss Sill's bankruptcy case. Nonetheless, § 1307(c) permits bankruptcy courts to dismiss or convert a case, whichever is in the best interests of creditors and the estate, when "cause" exists.[5] In addition to the "cause" requirement, § 1307(c) contemplates that an interested party will make a request for dismissal and that all other interested parties are given notice and an opportunity to be heard. Even so, § 105(a) permits the bankruptcy court to consider dismissal sua sponte. *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 771 n.8 (9th Cir. 2008); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 869 (9th Cir. BAP 2004).[6]

---

[5] The bankruptcy court alternatively might have invoked its Local Rules to support its decision to dismiss. Local Rule 3015-1 requires attendance at the § 341(a) meeting and requires the debtor to make her initial plan payment at the meeting. Local Rule 3015-1(c), (k). This Local Rule also provides that a chapter 13 case may be dismissed for failure to comply with these requirements. Local Rule 3015-1(c)(6), (k)(4). Because the bankruptcy court did not invoke its Local Rules, we decline to consider them as an alternate ground supporting dismissal of Sill's case. *See generally Olomi v. Tukhi (In re Tukhi)*, 568 B.R. 107, 113-14 (9th Cir. BAP 2017) (bankruptcy court must consider several factors when dismissing case as sanction for noncompliance with local rules); *Lee v. Roessler–Lobert (In re Roessler–Lobert)*, 567 B.R. 560, 573 (9th Cir. BAP 2017) (same).

[6] At the confirmation hearing, the chapter 13 trustee "recommended" that the bankruptcy court dismiss Sill's bankruptcy case. We need not determine whether this recommendation amounted to a request for dismissal for purposes of § 1307(c). As set forth above, the bankruptcy court had the authority to sua sponte consider dismissal. *In re Rosson*, 545 F.3d at 771 n.8; *In re Tennant*, 318 B.R. at 869.

1.    **Cause for Dismissal.**

Section 1307(c) sets forth a non-exhaustive list of factors that can constitute cause for dismissal. *In re Ellsworth*, 455 B.R. at 914. One enumerated factor constituting cause is a failure to timely commence making plan payments, as required by § 1326. *See* § 1307(c)(4). While not specifically mentioned in § 1307(c), bankruptcy courts have held there also is cause for dismissal when the debtor fails to attend the § 341(a) meeting of creditors as required by § 343. *Oliver v. U.S. Tr.(In re Oliver)*, 2012 WL 5232201, at *3 (Mem. Dec.) (9th Cir. BAP Oct. 23, 2012); *see also In re Maali*, 452 B.R. 325, 328 (D. Mass. 2010); *Simmons v. Cosby (In re Simmons)*, 256 B.R. 578, 579-80 (D. Md. 2001); *In re Hall*, 266 B.R. 659, 660 (Bankr. W.D. Ky. 2001).[7]

Sill has not disputed that she failed to make her first chapter 13 plan payment. Nor has she disputed that she failed to attend the § 341(a) meeting of creditors and the confirmation hearing. She apparently concedes that these failures can constitute cause for dismissal under § 1307(c). She has not made any argument to the contrary. Instead, she argues that her counsel mishandled her bankruptcy case and that his errors and omissions should not have caused her to suffer the consequence of dismissal. We easily can dispense with this

---

[7] We did not find any decisions sua sponte dismissing a chapter 13 case solely based on the debtor's failure to attend a confirmation hearing the first time it was set to be heard. Typically, a dismissal based on a failure to attend the confirmation hearing is supported by additional acts and omissions of the debtor. *See, e.g., In re Davis*, 2012 WL 3239204, at *2 (Bankr. N.D. Ala. June 7, 2012).

11

argument. As indicated above, Sill bears the consequences of her counsel's mistakes in representing her. *Pioneer Inv. Servs. Co.*, 507 U.S. at 396–97; *Platforms Wireless Int'l Corp.*, 617 F.3d at 1101.

## 2. Notice Issues.

Sill alternatively argues that she was not given sufficient notice: (1) of the § 341(a) meeting, (2) of the confirmation hearing, and (3) that the bankruptcy court was going to consider dismissal at the confirmation hearing.

With respect to notice of the § 341(a) meeting and the confirmation hearing, Sill's argument lacks merit. The record reflects that she was served by first class mail with notice of both the creditors' meeting and the confirmation hearing. She has not offered any argument or evidence that would explain her failure to receive this notice. Absent such an explanation, she cannot prevail on this lack of notice argument. *See La Sierra Fin. Servs., Inc. v. Mozsgai (In re La Sierra Fin. Servs., Inc.)*, 290 B.R. 718, 733 (9th Cir. BAP 2002); *Stephen v. Fukushima (In re Stephen)*, 2012 WL 1080455, at *5 (Mem. Dec.) (9th Cir. BAP Apr. 2, 2012); *see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123 n.4 (9th Cir. 2007) ("This question implicates the mailbox rule, a long-established principle which presumes that, upon a showing of predicate facts that a communication was sent, the communication reached its destination in regular time.").

Additionally, Sill never presented this notice issue to the bankruptcy court. Sill was represented by counsel, and yet neither she, nor her counsel,

12

did anything before the bankruptcy court to request relief from the dismissal based on lack of notice. As a result, the bankruptcy court never had the opportunity to determine whether Sill actually received notice of the creditors' meeting and the confirmation hearing. We can decline to address inherently factual issues when raised for the first time on appeal. *See Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014); *Samson v. W. Capital Partners, LLC (In re Blixseth)*, 684 F.3d 865, 872 n.12 (9th Cir. 2012). Litigants seeking relief from a court ruling based on grounds not previously presented typically must seek relief, in the first instance, from the court that issued the ruling. *See, e.g.*, *Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co.*, 346 F.3d 1193, 1195 (9th Cir. 2003); *Investors Thrift v. Lam (In re Lam)*, 192 F.3d 1309, 1311 (9th Cir. 1999).

Notice regarding case dismissal presents a different question. We must consider whether Sill was afforded reasonable notice and an adequate opportunity to respond before her chapter 13 case was dismissed. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978) ("[t]he purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending hearing.") *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."). We also must consider whether there is any indication in the record that Sill

would have done anything differently had she been given more notice, or that the outcome would have differed. *See In re Rosson*, 545 F.3d at 776-77.

There were at least two documents served on Sill that specified the potential consequences that could result from noncompliance with her duty to appear at the creditors' meeting and the confirmation hearing. The first was the official form notice of Sill's chapter 13 case filing, which in relevant part stated:

> **Failure to Appear at the Section 341(a) Meeting and Hearing of Confirmation of Chapter 13 Plan:** Appearance by debtor(s) and the attorney for debtor(s) is required at both the section 341(a) meeting and the confirmation hearing. Unexcused failure by the debtor(s) to appear at either the section 341(a) meeting and/or the confirmation hearing may result in dismissal of the case.

Notice of Chapter 13 Case (Aug. 22, 2017) at p. 3 (emphasis in original). The proof of service for this notice reflects that a copy was sent to Sill at her address of record.

The second notice, served on debtor by debtor's own counsel, stated:

> **APPEARANCE BY DEBTOR AND THE ATTORNEY FOR THE DEBTOR IS REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE CONFIRMATION HEARING . . . . Unexcused failure by the debtor to appear at either the Section 341(a) meeting or the confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on filing any other bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g).**

Notice of Section 341(a) Meeting and Hearing on Confirmation of Chapter 13

14

Plan (Sept. 1, 2017) at p. 2 (emphasis in original).

There were additional bankruptcy court documents suggesting that Sill likely was aware of the importance of the hearings and the potential consequence of dismissal if she failed to appear. For instance, the record includes a form letter from the chapter 13 trustee addressed to Sill warning that Sill's bankruptcy case might be dismissed at the confirmation hearing for "failure to appear at the creditor meeting or confirmation hearing" or failure to deliver to the trustee her initial plan payment at the time of the creditors' meeting.[8] In addition, the form Rights and Responsibility Agreement entered into between Sill and her chapter 13 counsel further suggests that Sill was advised that she was required to attend the creditors' meeting and to make her initial plan payment at the meeting.

Moreover, at the meeting of creditors, the chapter 13 trustee specifically told Sill's counsel that he intended to recommend case dismissal to the bankruptcy court at the confirmation hearing later that same day. As a matter of agency law, Sill's counsel's knowledge can be imputed to Sill. *See In re Farley*, 2016 WL 7471291, at *3 (Bankr. N.D. Cal. 2016) (citing Cal. Civ. Code § 2332); *Great Divide Ins. Co. v. AOAO Maluna Kai Estates*, 2006 WL 2830885, at *6 (D. Haw. 2006) (citing Restatement (Third) of Agency § 5.03 (2006)) .

---

[8] The trustee conceded in his responsive appeal brief that his September 11, 2017 form letter warning of potential dismissal was not accompanied by a proof of service reflecting that Sill actually had been served.

Notice is a flexible concept. *In re Tennant*, 318 B.R. at 870. What will constitute sufficient notice will vary depending on the particular circumstances presented in each case. *Id.* at 870-71.[9] In light of all of the facts set forth above, it is hard to imagine that, as Sill claims, she had no inkling that her bankruptcy case was in jeopardy and that she needed to act in order to prevent dismissal.

Here, we do not need to decide whether the notice Sill received regarding the potential dismissal of her case was adequate under the circumstances. Even if that notice were inadequate, the inadequacy of such notice would have been harmless error. In the absence of harm, or prejudice, any defect in the bankruptcy court's ruling would not justify reversal, because we must ignore harmless error. *Litton Loan Serv'g, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 704 (9th Cir. BAP 2006) ; see also *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[t]his Court has said that the party that seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted."). This is true even when the notice issue implicates due

---

[9] Since our decision in *Tennant*, we have addressed a number of times the quantum and quality of notice that must be given before a bankruptcy court dismisses a debtor's bankruptcy case. *See, e.g.*, *Nemeth v. Cohen (In re Nemeth)*, 2017 WL 586434 (Mem. Dec.) (9th Cir. BAP Feb. 13, 2017), *aff'd*, 709 F. App'x 507 (9th Cir. 2018); *In re Sanders*, 2016 WL 3961804, at *4–5 (Mem. Dec.) (9th Cir. BAP July 15, 2016); *Dunn v. Rund (In re Dunn)*, 2010 WL 6451888, at *7–8 (Mem. Dec.) (9th Cir. BAP Feb. 4, 2010); *Eardley v. U.S. Bank Nat'l Ass'n (In re Eardley)*, 2009 WL 7809924, at *5–6 (Mem. Dec.) (9th Cir. BAP May 11, 2009). None of these decisions is published, nor are any of them on all fours with the instant appeal.

process concerns. *In re Rosson*, 545 F.3d at 776-77; *Strickland v. U.S. Tr. (In re Wojcik)*, 560 B.R. 763, 768-69 (9th Cir. BAP 2016).

There is nothing in the record or in Sill's appeal brief suggesting that a different outcome would have been reached had she been given additional notice of the potential dismissal of her bankruptcy case. She has not disputed her failure to make her initial chapter 13 plan payment or to appear for the creditors' meeting and the confirmation hearing. Instead, she blames these failures on her counsel. However, as we have stated several times above, this is a losing argument; Sill bears the consequences of her counsel's errors and omissions. *Pioneer Inv. Servs. Co.*, 507 U.S. at 396–97; *Platforms Wireless Int'l Corp.*, 617 F.3d at 1101. Even assuming that Sills did not receive adequate notice, the bankruptcy court did not err in dismissing her case in light of the admitted deficiencies and shortcomings existing in her case.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's denial of the stay continuance motion and its dismissal of Sill's chapter 13 case.[10]

---

[10] In her appeal brief, Sill did not specifically challenge the bankruptcy court's ruling under § 109(g) barring her from commencing another bankruptcy case for 180 days. Regardless, that ruling is now moot because the bar has now expired by its own terms as a result of the passage of time, so there is no relief we could provide to Sill in relation to the bankruptcy court's § 109(g) ruling even if she were to prevail. *See In re Tennant*, 318 B.R. at 866-68.